JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
VISIONEER, INC., a California Corporation

## DEFENDANTS
KEYSCAN, INC., a New Jersey Corporation

(b) County of Residence of First Listed Plaintiff: Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory S. Tamkin (Bar No. 175009)
DORSEY & WHITNEY LLP
370 17th Street, Suite 4700
Denver, CO 80202        (303) 629-3400

Attorneys (If Known)

E-filing    BZ    ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation |  | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Sections 1, 271 and 281
Brief description of cause:
Patent infringement under 15 U.S.C. Section 1114

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE: August 19, 2008
SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

```
 1  GREGORY S. TAMKIN (Bar No. 175009)
    DORSEY & WHITNEY LLP
 2  370 17th Street, Suite 4700
    Denver, Colorado  80202-5647
 3  Telephone:  (303) 629-3400
    Facsimile:  (303) 629-3450
 4  Email: tamkin.greg@dorsey.com

 5  JENNIFER PRIEB (Bar No. 251076)
    DORSEY & WHITNEY LLP
 6  1717 Embarcadero Rd.
    Palo Alto, California  94303
 7  Telephone:  (650) 857-1717
 8  Facsimile:  (650) 857-1288
    Email: efilingPA@dorsey.com
 9         prieb.jennifer@dorsey.com

10  Attorneys for Plaintiff,
    Visioneer, Inc.
11
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISIONEER, INC., a California Corporation, ) | Case No. 08 3967 **BZ** |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR DAMAGES AND** |
| v. ) | **INJUNCTIVE RELIEF FOR PATENT** |
| ) | **INFRINGEMENT** |
| KEYSCAN, INC., a New Jersey Corporation ) | |
| ) | **and** |
| Defendant. ) | |
| ) | **DEMAND FOR JURY TRIAL** |

COMPLAINT

For its complaint against Defendant KeyScan, Inc. ("Defendant"), Plaintiff Visioneer, Inc. ("Plaintiff" or "Visioneer") alleges as follows:

## NATURE OF THE CASE

1. Visioneer is a world-class developer of intelligent imaging solutions that provide a faster and easier way to capture documents and photographs and integrate them with popular Windows and document imaging applications. For example, Visioneer's award-winning product "Strobe" is the number one best-selling color sheet-fed scanner on the market. Visioneer pioneered the multiple button scanner market with the introduction of the original "OneTouch" scanner in April 1998, and continues to release state-of-the-art scanning products, including products co-branded with Xerox Corporation. Visioneer owns intellectual property, including patents, which protect its scanning technologies. Specifically, for example, Visioneer is the assignee of U.S. Patent No. 5,499,108 (the "'108 Patent") entitled "Document-Driven Scanning Input Device Communicating with a Computer." The '108 Patent claims an invention whereby a scanning device is connected to a computer, and that device is activated and automatically begins operation by the placement of a document into the device. In other words, the '108 claimed invention is a "document driven," "auto-launch" scanning system.

2. Since at least 2007, Defendant KeyScan Inc., has manufactured and offered for sale the "KS 810 Keyboard Scanner" and the "KS 811 Keyboard Scanner" that infringe upon the '108 Patent. Both the KS 810 and KS 811 products are keyboards that have a scanner device attached to them that begin operation by the placement of document into the scanner, *i.e.*, auto-launch scanners. KeyScan names this ability to automatically scan a document as "No-Touch™ AutoScan." KeyScan is aware of the '108 Patent yet continues to willfully manufacture and sell these products.

3. This is an action for patent infringement.

## PARTIES

4. Plaintiff Visioneer, Inc. is a California corporation with its principal place of business in Pleasanton, California.

5. Upon information and belief, Defendant KeyScan, Inc. is a New Jersey corporation with its principal place of business located in Jersey City, New Jersey.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271 and 281.

7. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 and 1338(a) because Plaintiff seeks relief under the Patent Act, including remedies for patent infringement.

8. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business here, and sells and offers to sell its products specifically within this District and throughout California.

10. Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §§ 1391(b) and 1391(c).

## ALLEGATIONS COMMON TO ALL CLAIMS

### Visioneer Leads the Industry In Scanning Devices

11. Visioneer is a leading developer and producer of scanning technologies and has persistently been dedicated to the innovation and development of scanners that intelligently complete tasks from start-to-finish in one easy step

12. Visioneer began doing significant business in the scanning industry in 1994, when it broke new ground and quickly became the leader in consumer imaging hardware products with the introduction of the first easy to use sheet-fed scanner.

13. Visioneer's "Strobe" is still the #1 best-selling color sheet-fed scanner on the market. Visioneer also dominates the multiple button scanner market with its OneTouch scanner. Visioneer also develops software for use with scanners, and is at the cutting edge of new scanning technologies.

1   14.   Visioneer sells its scanners for use in the home, for businesses, mobile scanners, and
2   for government uses. Visioneer partners with Xerox, among others, for integrated products and
3   these award-winning products are lauded as the best on the market.

4   15.   In large part, Visioneer owes its success to the protection of its scanning
5   technologies through intellectual property rights such as patenting the inventive features of the
6   scanners.

7   16.   One such patent, U.S. Patent No. 5,499,108 (attached hereto as Exhibit 1), filed in
8   1992, and issued in 1996, protects the invention whereby a scanning device is activated and
9   automatically begins operation by the placement of a document into the device. In other words, the
10  `108 Patent claims a "document driven" or "auto-launch" scanning system.

11  17.   Visioneer is the lawful owner of the `108 Patent as assignee, and retains all rights,
12  title and interest therein.

13  **Defendant's Infringing Activities**

14  18.   Upon information and belief, KeyScan began manufacturing, offering for sale, and
15  selling its KS 810 and KS 811 products in the United States in 2007.

16  19.   After learning of KeyScan's activities, in 2007, Plaintiff, notified KeyScan of the
17  `108 Patent and Visioneer's allegations that the products infringed the `108 Patent.

18  20.   Specifically, the KeyScan 810 and 811 devices employ a function titled
19  "NoTouch™ Auto-Scan" that makes the KS 810 and 811 devices document-driven or auto-launch
20  scanning devices that directly infringe the `108 Patent.

21  21.   When a user of the KS 810 or KS 811 engages the "NoTouch™ Auto-Scan," the
22  user may place a document in the feeder section of the device scanner which then "detects" the
23  presence of the document by, upon information and belief, the use of laser sensing technologies.
24  Then, once the document is detected, the device automatically draws the document into and through
25  the scanner portion of the device.

26  22.   As this drawing–in occurs, the computer screen (and computer) to which the KS 810
27  or KS 811 device is connected, recognizes the scanning device and shows the representative image
28

on screen. This image is shown within the "KS program" which opens automatically upon the detection of the presence of the document and the automatic drawing-in of the document.

23. During the scan and when the document scan is complete, the KS program offers the user a variety of options for use with the scanned image, including, e-mail, save, print, and fax. These options are in drop-down menus and in icon form.

24. This operation directly infringes at least claim 1 of the `108 Patent.

### FIRST CAUSE OF ACTION

### (Patent Infringement Under 15 U.S.C. § 1114)

25. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

26. Plaintiff Visioneer is the sole owner, as assignee, of all rights, title, and interest to the `108 patent, and has exclusive rights to exclude others from use of the patented invention.

27. Defendant KeyScan has been on actual notice of the `108 Patent since at least 2007.

28. KeyScan has manufactured, used and is using, and/or has offered to sell and is offering to sell the KS 810 and KS 811 devices that infringe the claims of the `108 Patent, and may be inducing others to infringe the claims of the `108 Patent. The above-described conduct of KeyScan constitutes infringement of the `108 Patent.

29. Since at least 2007, Defendant KeyScan's conduct has been willful.

30. Visioneer has been and will continue to be damaged by KeyScan's infringement of the `108 Patent.

31. Visioneer does not have an adequate remedy at law, and Defendant will continue to infringe the `108 Patent unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Visioneer, Inc. respectfully requests that this Court:

1. Enter an Order preliminarily and permanently enjoining KeyScan, its officers, directors, employees, agents, affiliates, subsidiaries, parents, successors, representatives, and all persons acting or claiming to act on behalf of KeyScan or under KeyScan's direction, from directly or contributorily infringing, or inducing infringement of the `108 Patent:

   a. KeyScan to cease selling or offering for sale in the United States its KS 810 and KS 811 products;

   b. KeyScan to recall all KS 810 and KS 811 products from all distributors, dealers and retailers to whom it delivered the products in the United States and for those products to be destroyed;

2. Enter judgment in favor of Visioneer and against KeyScan for damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but in no event less than a reasonable royalty for infringement of the `108 Patent;

3. Enter judgment in favor of Visoneer and against KeyScan for treble damages pursuant to 35 U.S.C. § 284 for KeyScan's willful and deliberate patent infringement;

4. Enter judgment in favor of Visoneer and against KeyScan finding that this is an exceptional case and require KeyScan to pay Visioneer's costs of this action, including reasonable attorneys' fees and interest as provided by 35 U.S.C. § 284

5. Enter judgment in favor of Visoneer and against KeyScan for pre-judgment interest, as provided by law;

6. Enter judgment in favor of Visoneer and against KeyScan for Visioneer's reasonable costs and attorneys' fees, as provided by law;

7. Award such other and further relief as this Court deems just and proper.

COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Visioneer, Inc. demands a trial by jury on all claims so triable.

DATED: August 19, 2008    **DORSEY & WHITNEY LLP**

By: _____
Gregory S. Tamkin

Attorneys for Plaintiff,
VISIONEER, INC.